■ BODIL B. MICHELSEN, Respondent, v KONRAD M. MICHELSEN, Appellant. — Appeal from the order of the Supreme Court, New York County (Stecher, J.), entered June 29, 1982, is dismissed, without costs, as subsumed in the judgment thereon. Judgment of the Supreme Court, New York County (Stecher, J.), entered July 20, 1982, is modified, on the law, to strike therefrom the award to plaintiff for accrued arrears and the matter remanded for a hearing on the issue of the amount, if any, of arrears payable to plaintiff for maintenance, and otherwise affirmed, without costs. Upon the plaintiff's application herein, defendant husband resubmitted an affidavit submitted on a prior matter, alleging that plaintiff resided with one Jonathan Donald. Pursuant to paragraph 14(b) of the separation agreement between the parties, alimony would abate upon the remarriage of plaintiff wife. Paragraph 17 of the same agreement defines remarriage to include the wife taking up residence with an adult male. Prior to emancipation of the child in the case of such "remarriage", payments are to be reduced to $125 per month and after emancipation will cease. Plaintiff wife did not refute this allegation and Special Term did not directly address the issue. In view of the burdensome amount of papers submitted to Special Term and the failure by defendant to address this point in his main opposing affidavits to plaintiff's motion, we are remanding to provide plaintiff an opportunity to oppose and to allow Special Term to resolve the issue of whether defendant had a defense to payment of alimony pursuant to the terms of the separation agreement. We have considered the remaining arguments raised by defendant-appellant and find them to be without merit. Concur — Ross, Asch and Alexander, JJ.

Sandler, J. P., and Sullivan, J., dissent in a memorandum by Sullivan, J., as follows: The allegation regarding the wife's involvement with another man was made in a November, 1981 affidavit submitted in opposition to an earlier motion by the wife for an upward modification, which application is now the subject of a reference. In the husband's counsel's own words, the 1981 affidavit was submitted as an exhibit to an opposing affidavit in this enforcement proceeding only to "set forth the background for what your deponent considers vexatious and oppressive litigation." Nowhere in the opposing affidavits of either the husband or his attorney is the claim advanced that the husband was entitled to reduce his alimony payments because the wife had taken up residence with another man. In fact no reference was made at all to such allegation although the husband did refer the court to other specific allegations in the November, 1981 affidavit. Nor did the husband seek reargument,

even though, in summarizing his contentions, Special Term never mentioned the claim that his wife had, under the terms of the agreement, forfeited her right to alimony. The secreting of so significant an allegation in a mass of papers submitted as an exhibit without any reference to it in the opposing affidavits, coupled with the failure to act when the court did not specifically address the allegation can only lead to the conclusion that the issue of the wife's "remarriage" was never raised at Special Term. The husband should not be permitted to raise the issue for the first time on appeal. The judgment should be affirmed.